# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

DANIEL COBB,
_____
_____
_____
                    )
                    )
                    )
                    )
          *Plaintiff(s)*
                    )
            v.
                    )
WILLIAM K. MARSHALL III, BOP
                    )
DIRECTOR; R. McCAFFREY, A.W.;
                    )
MICHELLE DAUN, CMC; R. BLAIR, S.I.S.
                    )
LT.; LINDSAY OWINGS, CHIEF PSYCH.;
                    )
          *Defendant(s)*
                    )

Case Number: 3:24-cv-02392-JPG
*(Clerk's Office will provide for **new** cases, if you are filing in an existing case, write your case number)*

☐ ORIGINAL COMPLAINT

THIRD
☒ AMENDED COMPLAINT

> **You are responsible for protecting sensitive information per Federal Rule of Civil Procedure 5.2. This means you should not file things like social security numbers, the year of a person's birth, or financial account information.**

## I.   JURISDICTION:

☒   I am suing for a violation of federal law under 28 U.S.C. § 1331:

☐ 42 U.S.C. § 1983 (state prisoners);
☒ *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (federal prisoners);
☐ 28 U.S.C. §§ 1346, 2671-2680 (Federal tort claims act).

☒   Other (provide an explanation):
5 U.S.C. §§ 551-59, (Administrative Procedures Act); 5 U.S.C. §§ 701-06, (Judical Review); 5 U.S.C. § 2302(b)(8)(A), (Prohibited Personnel Practices); 18 U.S.C. § 3626, Prospective Relief(e)(2) (Appropriate Remedies With Respect to Prison Conditions)

## II.   PARTIES:

**Plaintiff(s) (use extra pages if needed):**

Name: Daniel Cobb
       Federal Correctional Institution 2 - BUTNER
Address: P.O. BOX 1500, Butner, N.C. 27509

Inmate ID Number: 24773-171

Rev. 04/16/2025

-1-

DEFENDANT(S) (Continued)

D. HUGGINS, S.I.S. Agent;
JENNIFER WEBER, SOMP Treatment Specialist;
C. GAUTHIER, SOMP Coordinator;
J. GREGORY,  SOMP Treatment Specialist;
DANIEL SPROUL, Warden for F.C.I. - MARION.

-1A-

**Defendants (use extra pages if needed):**

If you do not know the name of a defendant, assign them a generic name (John Doe 1, John Doe 2, Jane Doe 1). Give any information you have about them here. If you cannot provide identifying information, the Court will not be able to give you steps to try to identify the unknown person, and this party may be dismissed.

For example: Jane Doe 1, the nurse who passes out night-time medication. She is short and has red hair. I saw her at my cell on January 1, 2001.

**Defendant # 1:**

Name: William K. Marshall III

Job: Bureau of Prisons Director (BOP Dir.)

Address: 950 Pennsylvia Ave., NW, Washington, D.C. 20530

Additional info: William K. Marshall III is responsible for ALL BOP Prisons. And is being sued in his official capacity.

**Defendant #2:**

Name: R. McCaffrey

Job: Associate Warden for F.C.I. - MARION

Address: 4500 Prison Rd., Marion, IL 62959

Additional info: Signed Responses relating to several Counts. And is being sued in his individual capacity.

**Defendant #3:**

Name: Michelle Daun

Job: Case Management Coordinator

Address: 4500 Prison Rd.; Marion, IL 62959

Additional info: Michelle Daun directed the S.I.S. Lt to prohibit contact between Plaintiff and his immediate family members. And is being sued in her individual capacity.

Rev. 04/16/2025

-2-

Defendant(s) (Continued)

Defendant #4:

Name: R. Blair
Job:  Special Investigations Services Lt. for F.C.I. - MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: R. Blair on 01/14/2023 ordered Plaintiff not to contact his
              immediate family again or Plaintiff would be given an Incident
              Report and sent to the Special Housing Unit (SHU). And is being
              Sued in his individual capacity.

Defendant #5:

Name: Lindsay Owings
Job:  Chief Psychologist for F.C.I. - MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: Met with Plaintiff on 03/02/2023, and told Plaintiff that she
              concurred with Jennifer Weber and R. Blair decisions to prohibit
              contact between Plaintiff and his immediate family. And is being
              Sued in her individual capacity.

Defendant #6:

Name: D. Huggins
Job:  Special Investigations Service Agent for F.C.I. - MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: On 01/14/2023 threaten Plaintiff's life if Huggins found out that
              Plaintiff contacted his immediate family and was transferred to
              the SHU. And is being sued in his individual capacity.

Defendant #7:

Name: Jennifer Weber
Job:  Sex Offender Management Program Trestment Specialist (SOMP Treat. Spec.) at FCI MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: On 01/20/2023 Placed Plaintiff on Correctional Management Plan (CMP)
              for contacting his adult daughter by telephone; Met with Plaintiff
              on 01/30/2023 to confirm her beliefs that Plaintiff was not to
              contact his adult daughter or his wife anymore; Plaintiff reported
              the threat on Plaintiff's life by D. Huggins on 01/30/2023. And is being
              Sued in her individual capacity.

Defendant #8:

Name: C. Gauthier
Job: Sex Offender Management Program Coordinator (SOMPC) at F.C.I. - MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: Met with Plaintiff on 01/26/2024 to reiterate his belief that
              Plaintiff was to prohibited from contacting his immediate family.
              And is being sued in his individual capacity.

Defendant #9:

Name: J. Gregory
Job: Sex Offender Management Treatment Specialist (SOMP Treat. Spec.) at F.C.I.-MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: Met with Plaintiff on 01/26/2024 to direct Plaintiff not to contact
              Plaintiff's adult daughter or Plaintiff will be placed on another
              CMP; Met with Plaintiff on 03/26/2024 to reiterate his belief prohibiting
              Plaintiff contacting his immediate family members, and is being sued in
              his individual capacity.

-2A-

Defendant(s) (Continued)

Defendant #10:

Name: Daniel Sproul
Job: Warden for F.C.I. - MARION
Address: 4500 Prison Rd., Marion, IL 62959
Additional Info: Signed Request for Remedy (BP-9) denying Plaintiff contact with
his immediate family. And is being sued in his individual capacity.

## III.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in federal court while you were in prison or jail (during either your current or a previous time in prison or jail)?
☒Yes ☐No

B.   Answer the following questions about **ALL** past federal lawsuits. <u>**FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION**</u>. (Use extra pages if needed)

1.   Case name, case number, and Court:
Cobb v. Howard, et al.
21-cv-241-TUC-JAS; District Court of Arizona, TUCSON

2.   What was it about:
First, Fifth and Fourteenth Amendments violations, FTCA
(Civil Rights and Federal Tort Claim)

3.   What happened (was it dismissed, did it go to trial, was it settled):
Dismissed as MOOT due to transfer from USP TUCSON.

4.   Did you get a "strike" for this case? (You get a strike under 28 U.S.C. § 1915(g) if a case was dismissed for failure to state a claim, or as frivolous or malicious).

NO.

Rev. 04/16/2025

## IV.    GRIEVANCE PROCEDURE[1]

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                                    ☒ Yes    ☐ No

C.    Has the grievance been returned from the highest or last level of review?                                    ☒ Yes ☐ No

D.    If your answer is NO, explain why not.  Did you do anything other than a grievance to alert prison authorities to the problem?

E.    If you are a **federal inmate**, attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

It is the responsibility for the Defendants to prove that I had not filed the Administrative Remedies. As it is there defensive position that all administrative remedies are exhausted.

---

[1] Individuals in custody must try to exhaust their claims in the grievance process before filing a federal lawsuit.  If you do not complete the exhaustion process before you file this lawsuit, your case may later be dismissed.  *See e.g.*, 42 U.S.C. § 1997e(a) (no action shall be brought until available administrative remedies are exhausted); 28 U.S.C. § 2675(a) (the administrative process must be fully exhausted before claims may be brought in federal court).
Rev. 04/16/2025

-4-

## V.  STATEMENT OF CLAIM:

**Using the space below describe how your constitutional rights were violated (extra pages are _strongly_ discouraged):**

**DO:** Write a **short** statement of what happened with neat handwriting. Explain **who** violated your rights, **what** each defendant personally did, **when** they did it, **where** they did it, and **why** they did it (if you know why).

**DO NOT:** Do not make legal arguments or give citations. Do not include evidence or exhibits. You will have a chance later in the case to give evidence and to make arguments. Do not combine multiple claims that are not related.[2]

COUNT 1: FIRST AMENDMENT, FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS; INJUNCTIVE RELIEF, and $300,000.00 in PUNITIVE DAMAGES AGAINST DEFENDANTS NAMED BELOW.

On September 26th, 2013 Plaintiff's sentencing hearing was conducted in the First Circuit, District of Maine. At the beginning of the hearing, the sentencing court asked the Plaintiff if everything was correct in the PSI? The Plaintiff's attorney and himself stated "yes". Nearing the end of the sentencing hearing, the Court ordered a "no-contact" order against the Plaintiff concerning the instant offense victims and their family. Which none of those persons are related to the Plaintiff. The government did not contact Plaintiff's wife before the hearing to notify her of the hearing date, so she could not speak at the sentencing hearing on Plaintiff's behalf. Therefore, she was not allowed to speak(give testimony) at the hearing. This was because the government did not consider her and her daughter a "victim". The court ordered that the Plaintiff not have contact with the "victims or the victims' family", indirect or direct.

On December 27, 2022, Plaintiff arrived at F.C.I.-MARION. He was able to contact his adult daughter by telephone and her address was also available (approved). Plaintiff had available means to also contact his wife, but due to the time difference between Illinois and the Philippines he was not able to call her as much as he wanted, but her address was still blocked.

On January 10, 2023, Plaintiff's unit team was served a filing from a NON-DEFENDANTS' attorney, for the same matter in a different court and circuit. In the filing, a S.I.S. Lt. describes his beliefs that Plaintiff should not have contact with his adult daughter and his wife, citing the "no-contact" order from 09/26/2013, as a reason.

On 01/14/2023, Plaintiff was called into the LT's Office at F.C.I.-MARION and met with Defendants R. Blair and D. Huggins, members of the Special Investigations Service of F.C.I.-MARION. During this meeting, Plaintiff told both of them that Plaintiff's adult daughter WAS NOT a victim of his instant offense and she was not the subject of the "no-contact" order. They refused to believe him, relying instead on the false information in Plaintiff's central file and the filing.

---

[2] The Court is not required to allow you to join multiple claims in a single case. The Federal Rules of Civil Procedure 18-21 control joinder of claims and parties. It is possible if you present many claims or claims that are not related, that the Court will ask you for an amended complaint or it will divide your claims into separate cases.

Rev. 04/16/2025

-5-

At 3:34PM on Saturday, 01/14/2023, Defendant R. Blair ordered/directed Plaintiff not to have any contact with his adult daughter, directly or indirectly, or contact Plaintiff's wife, anymore, for the rest of his life. If Plaintiff was to contact his adult daughter or wife, he would be placed in the SHU and given an Incident Report (I/R). At that moment, Defendant D. Huggins spoke up and added that if Huggins found out Plaintiff was in the SHU for contacting his adult daughter D. Huggins would "place [Plaintiff's] body UNDER THE SHU and no one would find [Plaintiff's] body until an anthropoligical dig years later." (NOTE: There are Tunnels under ground at FCI MARION.) Plaintiff considered this a Death Threat. (Plaintiff subsequently reported this Death Threat to Defendant Weber on 01/31/2023.) Plaintiff then felt distr aught and fearful of staff at FCI MARION, particularly UPPER STAFF. Plaintiff was told to return to his Unit "L". The next day, 01/15/2023, Plaintiff saw Defendant Michelle Daun in the hallway on the way to the dining area. He stopped to speak (report) about the meeting between Blair and Huggins, Plaintiff was interuppated by Daun, who told him that she was the one who directed Defendants Blair and Huggins to speak to Plaintiff. Thereby, admitting that BUT FOR her direction, and beliefs, Plaintiff was ordered by Blair to sever all communication with Plaintiff's adult daughter and wife and Plaintiff's life was threatened by Huggins if Plaintiff contact his adult daughter.

M. Daun also signed various Administrative Remedy Responses and Memorandum(s), that adversely effected Plaintiff's Constitutional right to have intimate association with his immediate family.

Defendant R. McCaffrey approved a Memorandnum that prevented Plaintiff from having PUBLIC MESSAGING ACCESS (Computer NO), in addition he signed Administrative Remedies concerning UNBLOCKING Plaintiff's adult daughter's contact information and Plaintiff's wife's contact information, in addition to prohibit visits from Plaintiff's adult daughter and wife. (No access to print mailing labels of adult daughter and wife; Blocking of wife's and adult daughter's telephone numbers.)

On 01/20/2023, Defendant Jennifer Weber placed Plaintiff on a vague Correctional Management Plan (CMP) for Plaintiff having telephone contact with his adult daughter, despite Plaintiff NOT having a sexual conversation with her. Plaintiff explained to Weber that she is mistaken and that Plaintiff's adult daughter IS NOT the subject of any of convictions by Plaintiff, nor the subject of any NO-CONTACT ORDER. Weber refused to believe Plaintiff, and refused to investigate the matter further, and showed deliberate indifference towards Plaintiff's constitutional right of intimate association with his immedate family members.

Later that day, Plaintiff saw that Plaintiff's wife's and adult daughter's contact information was BLOCKED. This adverse action caused Plaintiff NOT to have any available alternate means of communication with his immediate family.

On 03/02/2023, Plaintiff met with Defendant Linsay Owings to receive Plaintiff's requested Psych. Records, and discuss the CMP placed on Plaintiff. The meeting lasted for an hour. During which Owings concurred with Weber's beliefs and Owings told Plaintiff that it was her job to keep Plaintiff away from his adult daughter. Even after Plaintiff explained that Plaintiff's adult daughter was not subject of any convictions or NO-CONTACT order. Owings said that she needed the COURT to tell her that Plaintiff could contact his adult daughter and wife.

All of the above named Defendants believed that they were following BOP Policy even though there is NOT a definate difinition of the term "Victim(s)" in all of Bureau of Prisons Policy Statements (BOP PS). Defendant William K. Marshall III is the person responsible for supplying the definition.

Rev. 04/16/2025

-5A-

Therefore, Defendant Marshall III has the ability and the authority to provide Plaintiff with injunctive relief of providing a definition of the term "victim(s)" in all BOP PS, including but not limited to 5324.10, Sex Offender Management Program, that use the term "victim(s)" in the BOP PS. Separating the persons that are appropiately named victim(s) into two catagories: "alleged victim(s)" and/or "instant offense victim(s)", and directing his employees to stop prohibiting Plaintiff from contacting his wife and daughter.

Defendant Daniel Sproul signed various Memorandums that adversely effected Plaintiff's Constitutional right to have intimate association with his adult daughter and his wife, in addition to signing various Administrative Remedies Concerning Plaintiff contact with his adult daughter and wife, wrongly using Plaintiff's No-Contact Order and applying Plaintiff's adult daughter and his wife as part of the Plaintiff's NO-CONTACT Order that is actually for Plaintiff's instant offense conviction victims (who are sisters of the same family that is NOT RELATED to Plaintiff in any way.)

Plaintiff's requested relief for this Count 1 is (1) INJUNCTIVE RELIEF against Defendant William K. Marshall III to provide the definition of the term "victim(s)" in any BOP PS that contains or uses or mentions the term "victim(s)"; and (2) $300,000.00 against each liable above named Defendant for severing Plaintiff's parent-child relationship and violating Plaintiff fundamental Constitutional right to have intimate association with his immediate family, without any Due Process NOT providing any defense for the Plaintiff to be heard in a meaningful place at a meaningful time BEFORE severing Plaintiff's contact with his immediate family. (3) Order Marshall to direct his employees to stop Prohibiting communication between Plaintiff and his family. (Defendants Blair, Huggins, Daun, Weber, McCaffrey, Owings, Sproul)

Defendant Joshua Gregory on 01/26/2024 met with Plaintiff and directed Plaintiff not to have contact with Plaintiff's adult daughter or Plaintiff will receive an I/R and be sent to the SHU, where he could possibly be killed by Huggins. On 2/26/2025, Defendant C. Gauthier met with Plaintiff and included Gregory and Weber to Discuss plaintiff NOT having contact with Plaintiff's immediate family (adult daughter and wife). Plaintiff showed court paperwork that they were all wrong, but all three Defendants refused to believe Plaintiff and believed that that they were following BOP PSs (including 5324.10).

Plaintiff is requesting $300,000.00 in Punitive damages against ALL NAMED DEFENDANTS LISTED ABOVE (except Defendant William K. Marshall III).

Rev. 04/16/2025

-5B-

## VI.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.

INJUNCTIVE RELIEF:
Against Defendant William K. Marshall III directing him to: Define the term "victim(s)" in all BOP PSs (including 5324.10), splitting the term "victim(s)" into two catagories: "Alleged Victim(s)" and "instant offense victim(s)", Direct his employees to stop harrassing Plaintiff.

PUNITIVE DAMAGES:
$300,000.00 against all other NAMED Defendants for violating Plaintiff's First, Fourteenth and Fifth Amendments, concerning Plaintiff being prohibited from contacting his adult daughter and wife, by blocking their contact information preventing Plaintiff from using their telephone numbers, printing mailing labels, preventing Plaintiff from having access to Public Messaging , and prohibiting visits between Plaintiff and his immediate family, by threatening Incident Reports and placement in the Special Housing Unit where Plaintiff couldbe killed.

## VII.    JURY DEMAND (check one box below) NOMINAL DAMAGES: Against All liable Defendants.

The plaintiff ☒ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions. Additionally, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Signed on: _7-21-2025_
(date)

F.C.I. 2 - BUTNER
P.O. BOX 1500

Street Address

Butner, N.C. 27509
City, State, Zip

Signature of Plaintiff

Daniel Cobb

Printed Name

24773-171

Prisoner Register Number

Rev. 04/16/2025

- 6-

Daniel Cobb #24773-171
Federal Correctional Institution II-BUTNER
Post Office Box 1500
Butner, N.C. 27509

Legal/Special
MAIL

⇕24773-171⇕
Clerk Of Court
U.S. District Court
750 Missouri AVE
ROOM 104
E Saint Louis, IL 62201
United States





FEDERAL CORRECTIONAL INST. #2
P.O. BOX 1500
BUTNER, NORTH CAROLINA 27509

DATE: _____ 7/21/25
"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing
procedures for forwarding to you. The letter has been
neither opened or inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you
may wish to return the material for further information
or clarification. If the writer enclosed correspondence for
forwarding to another addressee, please return the enclosed
to the above address.

RECEIVED

JUL 29 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE